UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LIUDMILA NEVAREZ, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | NO. EP-22-CV-442-DCG-MAT |
| RUBEN NEVAREZ, | § § | |
| *Defendant*. | § § | |

### ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED ANSWER

Before the Court is Defendant Ruben Nevarez's ("Defendant") "Motion for Leave to File Amended Answer and Defendant's Claims for Relief" ("Motion" or "Motion for Leave"), filed on July 7, 2023. (ECF No. 50).[1] On June 30, 2023, one day before the deadline for motions to amend or supplement pleadings (*see* ECF No. 46, p. 1), Defendant filed an amended answer without leave of court (ECF No. 47), even though the twenty-one-day deadline to file amended pleadings as a matter of course had long since passed. *See* Fed. R. Civ. P. 15(a)(1)(B), (a)(2) (providing that, while a defendant may amend their answer as a matter of course twenty-one days after the original answer is served, any amendment made thereafter requires a stipulation from the opposing party or leave of court).[2] On July 6, 2023, the Court's Clerk's office entered a deficiency notice, informing Defendant of his procedural violation. (ECF No. 49). The next day, Defendant's counsel filed the instant Motion requesting leave to file his proposed amended answer, explaining that he had misread the Court's Scheduling Order as allowing amended pleadings to be filed by the deadline for motions to amend or supplement pleadings without

---

[1] On May 1, 2023, upon consent of the parties, United States District Judge David Guaderrama referred this case to the undersigned for all pretrial proceedings. (ECF No. 44).

[2] Defendant's original Answer was filed on February 13, 2023. (ECF No. 19).

1

having to request leave or file a stipulation as required by Rule 15. (*See* ECF No. 50, p. 1) ("Counsel incorrectly read this paragraph as allowing the amendment of his pleading by [July 1, 2023].").

Defendant's proposed amended answer adds additional arguments and facts supporting the federal abstention and unjust enrichment defenses that were included in his original answer (ECF No. 47 ¶¶ 94, 100) and adds one new defense based on a theory of quantum meruit (*Id.* ¶ 101). In addition, the proposed amended answer contains a jury demand, which Defendant did not include in his original Answer. (*Id.* ¶ 103).

Plaintiff filed a response opposing the Motion on the grounds that it is procedurally deficient, Defendant's new quantum meruit defense is legally futile, and the Motion fails to mention his new jury demand. (ECF No. 52).[3] For the following reasons, Defendant's Motion is **DENIED**.

## I.   DISCUSSION

Because requests for leave to amend pleadings and jury demands are governed by different procedural rules, the Court will consider each issue separately.

**A. Leave to Amend**

Federal Rule of Civil Procedure 15(a) ordinarily governs the amendment of pleadings and provides that, when the court's permission is needed, leave should be "freely given when justice so requires." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). "When, however, a party seeks to amend pleadings in a fashion that would alter a deadline imposed by a scheduling order, Rule 15 is superseded by Rule 16, which requires good cause and the judge's consent for modification." *T.O. v. Fort Bend*

---

[3] Defendant did not file a reply in support of his Motion, which he was permitted to do within seven days of Plaintiff's Response. W.D. TEX. L.R. CV-7(e).

*Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021) (citing Fed. R. Civ. P. 16(b)(4)).  To show good cause, "[a] party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008)).  In analyzing the good cause requirement, courts look to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *E.E.O.C. v. Serv. Temps Inc.,* 679 F.3d 323, 334 (5th Cir. 2013).  Because Defendant's Motion was filed after the Court's deadline for motions to amend or supplement pleadings, the Court will analyze his request under the stricter Rule 16 standard.

First, Defendant's explanation for missing the deadline for motions to amend pleadings is unsatisfactory.  As stated, Defendant explains that he failed to request leave when he first filed his amended answer because he "incorrectly" believed that the Pretrial Scheduling Order allowed him to file amended pleadings, without requesting leave, by the July 1 deadline.  (*See* ECF No. 50, p. 1).  Given that the "good cause" standard requires the movant to show that they could not meet the Court's deadline despite their "diligence," *Filgueira*, 734 F.3d at 422, misreading the scheduling order is insufficient as an explanation.  *See Md. Manor Assocs. v. City of Hous.*, 816 F.Supp.2d 394, 401 (S.D. Tex. 2011) (stating that misunderstanding a scheduling order "does not establish good cause for filing an untimely motion for leave to amend"); *see also S&W Enters.*, 315 F.3d at 536 (stating that "inadvertence," as an explanation for failure to meet a scheduling order deadline, "is tantamount to no explanation at all"); *Farm Life Ins. Co. v. Bryant*, Nos. 3:18-cv-1628, 3:18-cv-1705, 2020 WL 2812866, at *5 (N.D. Tex. May 30, 2020) ("[M]ere inadvertence, ignorance, or misinterpretation of applicable rules does not constitute [good cause

or] excusable neglect."); 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed.) ("Attorney neglect or inadvertence will not constitute good cause supporting modification."). The first factor weighs against granting the Motion.

Turning to the next factor, Defendant's only argument regarding the importance of his proposed amendments is that they account for "the final divorce that was finalized between the parties in State Court." (ECF No. 50, p. 1). However, his proposed amended answer does not appear to contain any details regarding the parties' finalized divorce. Indeed, it states that "[t]here is a *pending* divorce proceeding in Texas State Court that has jurisdiction over the support issues between Plaintiff and Defendant" and that "a proceeding covering support *is already underway* in State Court." (ECF No. 47, p. 11) (emphasis added); (*see also id.* ¶¶ 7–8) ("[T]here is a pending divorce action in Texas State Court that covers issues of support and doctrines of Federal Abstention apply."). The Court will not consider the importance of an amendment that does not appear in the proposed pleading.

Meanwhile, Defendant does not make any argument about the importance of the amendments that actually appear in his proposed amended answer. Accordingly, this factor also weighs against granting the Motion. *See Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (holding that the district court did not abuse its discretion in denying leave to amend where the movant failed to explain "the importance of the amendment to its case.").

Turning to the prejudice factors, Defendant argues that "[b]ecause this case is still in the discovery phase, Plaintiff will not be prejudiced by the relief sought in this motion." (ECF No. 50, p. 2). Plaintiff does not dispute this contention and the Court finds no reason to disagree with it. The parties' deadline for discovery is September 1, 2023, and the Court's Pretrial Scheduling

Order allows the parties, by agreement, to continue discovery beyond that deadline. (ECF No. 46, p. 2). The Court sees no reason why Defendant's proposed amendments would enlarge discovery to such an extent that it would prejudice Plaintiff, especially in light of the parties' ability to continue discovery beyond the deadline. This factor weighs in favor of finding good cause. Moreover, as to the final factor, the Court finds that any possible prejudice to Plaintiff can be cured by extending the parties' deadlines to complete discovery.

Accordingly, the Court finds that two factors weigh against granting the motion, and two factors weigh in favor.

Before determining how to balance these factors, the Court notes that it has broad discretion to enforce its scheduling orders. *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008). This is because "[s]cheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and specific manner." *Ruelas v. W. Truck & Trailer Maint., Inc.*, No. P:18-CV-00002-DC, 2019 WL 13150021, at *4 (W.D. Tex. June 20, 2019); *see also Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (noting that even if a party establishes excusable neglect, "the court still has the 'inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion.'" (quoting *United States v. Waldman,* 579 F.2d 649, 653 (1st Cir. 1978))).

The Court observes that the Fifth Circuit has found a movant's failure to show the first two factors, on their own, to be dispositive. *See Fort Bend*, 2 F.4th at 418 (upholding district court decision to deny the movant's motion for leave to amend their complaint solely on the grounds that it was "difficult to conceive of a reason why" the movant could not have amended their complaint "in a timely manner"); *Springboards to Educ.*, 912 F.3d at 819 (affirming district court decision to deny leave to amend after the scheduling order deadline only because the

5

movant failed to explain the importance of their proposed amendment). Furthermore, the Fifth Circuit has suggested that the first factor is especially important in determining whether the movant has shown good cause for an extension. *See Filgueira*, 734 F.3d at 422 ("A party is *required* 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (emphasis added) (quoting *Fahim,* 551 F.3d at 348)). Accordingly, the Court will give more weight to the first two factors, meaning that Defendant's Motion must be denied.

### B. Jury Trial Demand

Defendant also includes a demand for a jury trial in his proposed amended answer. (ECF No. 47, p. 14). Federal Rule of Civil Procedure 38 provides that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). However, when a jury trial is not "properly demanded" within the time allowed by Rule 38, the Court may nevertheless, "on motion," order a jury trial on "any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The last pleading filed in this case—Defendant's original Answer—was filed on February 13, 2023, well over fourteen days before Defendant filed his proposed amended answer. (ECF No. 19). Accordingly, at this stage, Rule 39(b) requires Defendant to file a motion to request a trial by jury. However, Defendant's Motion for Leave does not mention Defendant's new jury demand. Accordingly, should Defendant wish to have any issues in this case tried to a jury, he must file a proper motion under Rule 39(b). *See Mesa Petroleum Co. v.*

*Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980) ("A Rule 39(b) motion is necessary to relieve a party from waiver; the court cannot grant relief on its own initiative.").

## II.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's "Motion for Leave to File Amended Answer and Defendant's Claims for Relief" (ECF No. 50).

**SIGNED** and **ENTERED** this 29th day of August, 2023.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**